```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CHARLES LEHNERT, et al.,
                                Plaintiffs,          MEMORANDUM AND
                                                     ORDER
        -against-
                                                     18-CV-02705 (MKB)
TOWN SPORTS INTERNATIONAL, LLC,
TOWN SPORTS INTERNATIONAL
HOLDINGS, INC., doing business as New York Sports
Clubs, Boston Sports Clubs, Washington Sports Clubs,
and Philadelphia Sports Clubs,

                                Defendants.
----------------------------------------------------------------x
```

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

The Court has reviewed defendants' motion to stay and sever the claims of the more than 50 newly added individual plaintiffs, see Letter-Motion to Stay or Sever (Dec. 19, 2018) ("Def. Motion"), Electronic Case Filing Docket Entry ("DE") #30, and plaintiffs opposition thereto, see Response in Opposition (Jan. 2, 2019) ("Pl. Opp."), DE #32.[1]  As plaintiffs correctly observe, see Pl. Opp. at 3-4, defendants articulate no legal basis for finding misjoinder and ordering a severance of the new claims under Rule 21 of the Federal Rules of Civil Procedure, see generally Def. Motion.  As for defendants' request that those claims be stayed "until resolution of the class claims," see id. at 3, plaintiffs persuasively counter that a decision on a yet-to-be-filed class certification motion will not resolve the merits of or otherwise render moot any of the new claims, see Pl. Opp. at 2.

In seeking to invoke the Court's broad discretion to stay litigation of the new claims

---

[1] Defendants allege that there are 53 new plaintiffs, see Def. Motion at 1, 2, 3, while plaintiffs refer to 51 new plaintiffs, see Pl. Opp. at 1, 3.  As the discrepancy is not material to this motion, the Court declines to tally the names to ascertain the precise number.

(which were timely added[2]), defendants bear the burden to establish "a clear case of hardship or inequity in being required to go forward." Trikona Advisors Ltd. v. Kai-Lin Chuang, No. 12-CV-3886, 2013 WL 1182960, at *2 (E.D.N.Y. Mar. 20, 2013) (quoting Landis v. N. Am. Co., 299 U.S. 248, 255 (1936)). Having considered the factors that inform its exercise of discretion,[3] this Court concludes that a blanket stay is not warranted. The newly added plaintiffs have a strong interest in expeditiously prosecuting their individual claims, whatever the outcome of any future motion to certify a class. The resulting burden on defendants -- and the Court -- can be mitigated by limiting discovery relating to the newly added plaintiffs. To avoid any unfair prejudice to defendants, the Court, upon request, would be inclined to adjust the discovery schedule on account of the new claims. The parties are directed to confer in good faith in an effort to agree upon a protocol to streamline discovery relating to the new plaintiffs.

For the foregoing reasons, defendants' motion to stay and sever the new claims is denied.

**SO ORDERED.**

**Dated:  Brooklyn, New York
           January 11, 2019**

/s/ *Roanne L. Mann*
**ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] See Minute Entry (Sept. 28, 2018), DE #16 ("Pleadings may be amended and new parties added until December 7, 2018."); Amended Complaint (Dec. 7, 2018), DE #26.

[3] Specifically, "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Trikona, 2013 WL 1182960, at *3 (citations omitted).